# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**MARCUS BROOKS,**

   Petitioner,

v.           **Civil No.: 2:15-CV-44**
             **(Judge Bailey)**

**WARDEN, FCI GILMER,**

   Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 18, 2015, Petitioner Marcus Brooks ("Petitioner" or "Defendant"), acting *pro se*, filed an Application for Habeas Corpus pursuant to 18 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of the conviction imposed in his underlying 2004 conviction in Ohio state court which enhanced his sentence in Federal Court. ECF No. 16 at 5. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

### A. *Conviction and Sentence*

On October 4, 2011, a Grand Jury from the Northern District of West Virginia indicted Petitioner, charging him with one count of being a prohibited person in

---

[1] All ECF references in this section refer to Case No. 5:11-CR-41, Northern District of West Virginia.

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1. On October 18, 2011, Petitioner made his initial appearance in Federal Court via a Writ of Habeas Corpus from the custody of the state of West Virginia. ECF No. 5. On October 21, 2011, a detention hearing was held and the court determined that, *inter alia*, Petitioner's criminal history warranted detaining him pending trial.[2] ECF No. 17. The court noted that Petitioner had felony convictions in 1990, 1992, 2004 and 2008 and a supervised release violation in 1999. Id. Additionally, he had pending West Virginia charges of felon in possession of a firearm and felony possession with intent to deliver controlled substances from June 12, 2011. Id.

On March 8, 2012, counsel for Petitioner filed a "Notice of Intent to Change Plea," indicating that Petitioner intended to plead guilty to the one-count Indictment. ECF No. 89. Petitioner appeared before Judge Stamp to enter his guilty plea on March 12, 2012. ECF No. 95. Petitioner's plea was not pursuant to a written plea agreement with the Government. ECF No. 120.

Petitioner appeared before Judge Stamp on May 14, 2012, for sentencing. ECF No. 103. Judge Stamp adjudged Petitioner guilty of the charge contained in the Indictment and again noted that Petitioner had pled guilty without a plea agreement. ECF No. 119 at 5:17-21. He sentenced Petitioner to 108 months of imprisonment to be followed by three (3) years of supervised release. Id. at 8:16-9:9.

During the sentencing hearing, the Court determined that Petitioner's base offense level was 24 as he had two felony controlled substance offense convictions. Sent. Tr., ECF 119. These offenses were: (1) conspiracy to possess with intent to

---

[2] West Virginia state charges were dismissed on this date. Petitioner was incarcerated on the state level from June 12, 2011 until October 21, 2011.

2

distribute and distribution of cocaine base in the U.S. District Court for the Northern District of New York and (2) trafficking in drugs with juveniles (school specification) and trafficking in counterfeit controlled substance with juvenile (school specification) in Jefferson County, Ohio Court of Common Pleas. Sent. PSR, ECF No. 104. Petitioner was represented by counsel and plead guilty to all of these charges. Id. Although Petitioner had a lengthy juvenile criminal history, those offenses did not result in any criminal history points. Id. At the sentencing hearing, Petitioner took issue with paragraph forty (40) of the PSR. ECF No. 119 at 3:19-25-4:1-25. Petitioner objected to using the New York conviction as one of the prior felony convictions because it was over fifteen years old. Id. The Government argued that the conviction could be used in determining the base offense level since the petitioner was not released from custody for the '93 conviction until May 26, 2000. Id. Judge Stamp overruled Petitioner's objection to paragraph forty (40) of the PSR. Id. Further Judge Stamp noted that there were no other factual or legal issues with regard to the PSR and a base offense level of 24 was used by the court to calculate the sentence. Id. at 5:1-16.

Additionally, Petitioner received a two-level enhancement for obstruction of justice, because while incarcerated, Petitioner attempted to have the seventeen-year-old female (a witness), who was in the motel room with him when arrested, testify that the gun was hers. Id.

**B.    Direct Appeal**

On appeal to the Fourth Circuit, Petitioner challenged "the district court's rulings on his motion to suppress the firearm seized subsequent to his arrest and his motion alleging that the Government violated Jencks v. United States, 353 U.S. 657 (1957), by

either failing to turn over impeachment evidence or tampering with that evidence." United States v. Brooks, 497 F.App'x. 355, 356 (4th Cir. 2012) (per curiam). Petitioner also argued that "his 1993 federal narcotics conviction, for which he was sentenced to seventy months' imprisonment, was improperly counted in determining his criminal history score." Id.

The panel determined that by pleading guilty without entering a conditional guilty plea, Petitioner had waived his right to challenge the District Court's rulings on his motions. Id. The Fourth Circuit also determined that the District Court did not err in assigning criminal history points to his 1993 conviction. Id. Accordingly, the Fourth Circuit affirmed Petitioner's conviction and sentence. Id. at 357. The U.S. Supreme Court denied Petitioner's petition for a writ of certiorari on April 15, 2013. Brooks v. United States, 133 S. Ct. 1840 (2013).

C. **Federal Habeas Corpus[3]**

On March 5, 2014, Petitioner filed a Motion to Vacate his conviction pursuant to 28 U.S.C. § 2255. ECF No. 133. He raised the following claims: (1) Counsel failed to investigate the state proceedings that preceded the federal indictment; (2) Counsel was ineffective in failing to determine whether petitioner's prior convictions comported with Padilla; (3) Counsel was ineffective in the state court proceedings for his prior convictions; (4) Counsel failed to raise Alleyne issues; (5) Counsel failed to raise a challenge pursuant to Heller and (6) Counsel underestimated Petitioner's Sentencing Guidelines range. United States Magistrate Judge John S. Kaull filed an R&R recommending dismissal of Petitioner's section 2255 petition. ECF No. 145.

---

[3] All ECF references in this section are to Petitioner's criminal case in the Northern District of West Virginia, case no. 5:11CR41, unless otherwise stated.

4

On October 9, 2014, U.S. District Judge Stamp affirmed and adopted Magistrate Judge's Report and Recommendation. ECF No. 153. Judge Stamp explained that "petitioner's claims all arise from his beliefs that either his federal counsel or state counsel was ineffective." ECF No. 153 at 7. The Court found that none of Petitioner's claims met the Strickland criteria for ineffective assistance of counsel. Id.

On November 14, 2014, Petitioner filed a Notice of Appeal regarding Judge Stamp's dismissal of his section 2255 petition. ECF No. 161. The Fourth Circuit, on January 13, 2015, dismissed the proceeding for failure to prosecute pursuant to Local Rule 45. ECF No. 169.

On November 19, 2014, a letter of inquiry was filed by Petitioner with the Court challenging his Ohio state conviction. ECF. No. 167. Petitioner claimed the Ohio state court refused to rule on "Challenged Issue" that was used to enhance his sentence in federal court. Id. U.S. District Judge Stamp entered an order which addressed Petitioner's letter and provided that if Petitioner sought relief pursuant to 28 U.S.C. § 2241, he would need to file it using the court approved form. ECF No. 171.

On August 10, 2015, another letter from Petitioner was filed requesting permission from the court to file a "successor" section 2255 petition. ECF No. 174. Judge Stamp denied this request without prejudice as such request must be filed with the Fourth Circuit Court of Appeals. ECF No. 175.

### D. 2004 Ohio State Court Conviction[4]

At the sentencing of Petitioner in federal court, Petitioner's base offense level was calculated to be 24. In reaching that calculation, the criminal history category was

---

[4] All ECF references in this section are to Petitioner's criminal case in the Northern District of West Virginia, case no. 5:11CR41, unless otherwise stated.

5

calculated under section 4A1.1 of the Sentencing Guidelines. PSR, ECF No. 104. Three (3) points were added to Petitioner's criminal history because the 2004 Ohio state conviction and sentence was a term of imprisonment exceeding one year and one month, which increased the base offense level from 21 to 24. Id. at ¶ 41. Although Petitioner objected to the three-point enhancement for his 1993 convictions in paragraph forty (40) of the PSR, Petitioner did not object to his 2004 conviction in paragraph forty-one (41) of the PSR at sentencing nor did he appeal that issue as he did the 1993 convictions. Sent. Tr., ECF No. 119.

On February 4, 2004, Petitioner was indicted in Court of Common Pleas of Jefferson County, Ohio, on one count of trafficking in drugs, one count of trafficking in counterfeit drugs and one count of possession of counterfeit drugs. State of Ohio v. Marcus Brooks, 2015WL1019381. The first two counts also carried specification of committing the offenses within 1,000 feet of a juvenile and within the vicinity of a school. Id. The Ohio Supreme Court sets forth the following brief procedural history:

> Appellant initially pleaded not guilty, but later entered a guilty plea to the indictment. The trial court accepted appellant's guilty plea and proceeded to sentencing. The court stated that appellant and plaintiff-appellee, the State of Ohio, had entered into an agreed sentence, which the court imposed. The court sentenced appellant to 18 months in prison for trafficking drugs, 12 months for trafficking in counterfeit drugs, and three months for possession of counterfeit drugs, all to be served concurrently. The court also imposed a two-year driver's license suspension and fined appellant $500. Appellant did not file an appeal from this April 1, 2004, judgement.

Id. at ¶ 3. On December 9, 2013, Petitioner filed a *pro se* post-conviction petition with the Ohio state trial court alleging his counsel was ineffective for failing to advise him of the collateral consequences of his plea and that he was unaware the charges were felonies. Id. at ¶ 4. The trial court overruled appellant's motion and found that Petitioner

was advised of his sentence and had not appealed his sentence or his guilty plea. Id. at ¶ 5. Further the Ohio Supreme Court stated that,

> Next, appellant filed a motion for reconsideration. In this motion, appellant seemed to suggest that his counsel failed to advise him that his drug convictions could be used to enhance any penalty he might receive in the future upon facing drug charges. Apparently he was facing drug charges in federal court. The trial court overruled this motion to reconsider.

Id. at ¶ 6. Petitioner appealed this decision on February 12, 2014. Id. Petitioner asserted on appeal that his trial counsel was ineffective for failing to inform him of the consequences of his plea including the fact that his conviction could enhance his penalty on federal drug charges that he could face sometime in the future. Id. at ¶ 10.[5] Petitioner contends that the U.S. Supreme Court's judgment in Padilla v. Kentucky, 559 U.S. 356 (2010), finding that counsel was deficient in failing to inform the defendant that his guilty plea made him subject to automatic deportation, is applicable to this case where counsel failed to inform Petitioner of the future consequences of his plea. State of Ohio v. Marcus Brooks, 2015WL1019381. The Supreme Court of Ohio found that Padilla does not apply retroactively. Id. Consequently, Petitioner did not meet the exception to the timeliness requirement for post-conviction proceedings. Id. The trial court's judgment was affirmed as petitioner's sole assignment of error lacked merit. Id.

Petitioner has now filed in federal court a petition seeking relief under 28 U.S.C. § 2241 challenging a prior state conviction used to enhance a current federal sentence.

### III. CLAIMS OF PETITION[6]

In support of his section 2241 petition before this Court, Petitioner raises the following issues as to his 2004 state conviction that: (1) He is actually and factually

---

[5] Petitioner made a similar Padilla argument in his section 2255 petition filed in his federal case. Order, ECF No. 153 at 8.
[6] All ECF references in this section refer to Case No. 2:15-CV-44.

innocent of the state crime charged; (2) Deliberate deception of the court by the prosecutor and lead investigator caused him to be convicted of the state crime; and (3) The marriage of the prosecutor and lead investigator created a conflict of interest that led to his conviction in state court. Mem., ECF No. 16 at 5-10. Petitioner argues that the 2004 state conviction should be vacated. Mot., ECF No. 1.

Petitioner asserts that if his underlying state conviction is vacated then his federal sentencing enhancement using that underlying state conviction would need to be vacated as well. ECF No. 16 at 5-11. For relief, Petitioner requests that this Court grant his section 2241 petition and reverse, remand and vacate his conviction in state court and federal court. ECF No. 1 at 8.

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent

standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of Respondent.

## V.    ANALYSIS

As an initial matter, the undersigned finds that the petition should be denied. There are two parts to Petitioner's claims. First, it appears that Petitioner is claiming that his underlying 2004 state conviction should be vacated because Petitioner is actually innocent of the 2004 crimes even though he plead guilty to those crimes. ECF No. 16. Additionally, Petitioner alleges the 2004 state conviction should be vacated because the prosecutor and lead investigator were married and deliberately deceived the state court leading to his conviction. Id.  The undersigned notes that Petitioner was represented by counsel during his 2004 Ohio state criminal case. State of Ohio v. Marcus Brooks, 2015WL1019381.

A prisoner may not challenge a prior conviction used to enhance a current sentence unless there was a failure to appoint counsel in violation of Gideon v. Wainwright, 372 U.S. 335 (1963), in the proceeding that resulted in the prior conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001). Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue state remedies while they were available or because the

9

defendant did so unsuccessfully, the conviction may be regarded as conclusively valid, and if that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a federal habeas petition on the ground that the prior conviction was unconstitutionally obtained. Id.

Petitioner filed his first motion to vacate his sentence in Ohio state court on December 9, 2013. State of Ohio v. Marcus Brooks, 2015 WL1019381 (Ohio Ct. App. Mar. 2, 2015). The trial court denied Petitioner's motion to vacate finding that Petitioner was fully advised of his sentence and that appellant did not appeal from the sentence or his guilty plea. Id. at ¶ 5. Petitioner then filed a motion to reconsider, which was also denied. Id. at ¶ 6. Petitioner appealed this decision on February 12, 2014. Id. On March 2, 2015, the Supreme Court of Ohio affirmed the trial court's judgement. In this case, Petitioner's 2004 Ohio state conviction is no longer open to direct or collateral attack in its own right because he failed to pursue state remedies while they were available (direct appeal) and because he later did so (motion to vacate) unsuccessfully. This Court does not have jurisdiction to review the 2004 Ohio state conviction.[7]

The second part of Petitioner's claim asserts that the federal enhancement applied by District Judge Stamp, based on Petitioner's underlying conviction in state court, is improper because his underlying state charge is unjust and should be vacated. In this case, Petitioner is in federal custody on a sentence he is serving from the Northern District of West Virginia. He is no longer in state custody. It appears that Petitioner is challenging the validity of his sentencing enhancement from his federal case. He is not challenging the computation of his prison time.

---

[7] Petitioner is no longer serving any time for 2004 Ohio state conviction.

Prisoners seeking to challenge the validity of their federal convictions or sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255. The savings clause allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under section 2255 because of a limitation bar,[8]

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the section 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

It appears that Petitioner is raising the savings clause and claiming the element of actual innocence. However, in order to raise a claim of actual innocence under section 2241, Petitioner must first establish that he is entitled to review under section 2241 by meeting the Jones requirements.[9] Petitioner cannot satisfy the required elements of the saving clause in order to obtain relief pursuant to section 2241. In the instant case, even if Petitioner satisfied the first and the third elements of Jones, the crimes for which Petitioner was convicted remain criminal offenses, and therefore,

---

28 U.S.C. § 2255.

[9] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

Petitioner cannot satisfy the second element of Jones. Therefore, because Petitioner appears to be attacking the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that section 2255 is an inadequate or ineffective remedy and has improperly filed a section 2241 petition.[10]

## VI.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[10] Petitioner has already filed a section 2255 petition and a motion for permission to file a` second section 2255 petition, which were both denied.

13

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** 6-17-2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE